# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-1019V
Filed: January 15, 2016
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| RUTH WHATLEY, | * | |
| | * | |
| Petitioner, | * | Ruling on Entitlement; Damages |
| | * | Decision Based on Proffer; |
| | * | Concession; Influenza ("Flu") |
| SECRETARY OF HEALTH | * | Vaccination; Shoulder Injury Related |
| AND HUMAN SERVICES, | * | to Vaccine Administration ("SIRVA"); |
| | * | Special Processing Unit ("SPU") |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Amber Diane Wilson*, Maglio Christopher and Toale, PA, Washington, DC, for petitioner.
*Claudia Barnes Gangi*, U.S. Department of Justice, Washington, DC, for respondent.

## RULING ON ENTITLEMENT AND DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On September 14, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that the influenza ["flu"] vaccination that she received on November 4, 2014 caused her to suffer a shoulder injury. Petition at 1, 3. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 8, 2016, respondent filed a Rule 4(c) Report and Proffer on Damages in which she concedes that petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report and Proffer on Damages at 1 (ECF No. 12). Specifically, respondent "has concluded that petitioner's alleged injury is consistent with shoulder injury related to vaccine administration (SIRVA), and that it was caused in fact by the flu vaccine she received on November 4, 2014." *Id.* at 3. Respondent further

---

[1] Because this unpublished ruling and decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

indicates that "petitioner has satisfied all legal prerequisites for compensation under the Act". *Id.*

Additionally, "[b]ased upon the evidence of record, respondent proffers that petitioner should be awarded $120,000.00" in compensation. Respondent's Rule 4(c) Report and Proffer on Damages at 4. Respondent represents that petitioner agrees with the proffered award. *Id.*

**In view of respondent's concession and the evidence before me, the undersigned finds that petitioner is entitled to compensation. Further, based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in Respondent's Rule 4(c) Report and Proffer on Damages.**

Pursuant to the terms stated in **Respondent's Rule 4(c) Report and Proffer on Damages at 4**, **the undersigned awards petitioner a lump sum payment of $120,000.00 in the form of a check payable to petitioner, Ruth Whatley.**[3] This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

*s/Nora Beth Dorsey*
Nora Beth Dorsey
Chief Special Master

---

[3] "Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages." Respondent's Rule 4(c) Report and Proffer on Damages at 4.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.